IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| TREEHOUSE AVATAR TECHNOLOGIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 12-1307-GMS |
| | ) | |
| v. | ) | |
| | ) | **DEMAND FOR JURY TRIAL** |
| TURBINE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER OF DEFENDANT TURBINE, INC. TO COMPLAINT

Defendant Turbine, Inc. ("Turbine") hereby answers the October 9, 2012 Complaint for Patent Infringement ("Complaint") filed by Plaintiff Treehouse Avatar Technologies Inc.:

### RESPONSE TO ALLEGATIONS REGARDING "THE PARTIES"

1. In response to Paragraph 1 of the Complaint, Turbine admits that this is an action in which Plaintiff is alleging patent infringement, and that this action therefore arises "under the laws of the United States related to patents, including 35 U.S.C. § 281." Turbine denies that it has engaged in any act of patent infringement.

### RESPONSE TO ALLEGATIONS REGARDING "THE PARTIES"

2. Turbine lacks knowledge or information sufficient to form a belief as to whether the allegations contained in Paragraph 2 of the Complaint are true and therefore denies such allegations.

3. In response to Paragraph 3 of the Complaint, Turbine states that it is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business at 117 Kendrick Street, Suite 300, Needham, Massachusetts 02494. In further response to Paragraph 3 of the Complaint, Turbine admits that it maintained an agent for service of process

at The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.  Turbine otherwise denies the allegations of Paragraph 3.

## RESPONSE TO ALLEGATIONS REGARDING "JURISDICTION AND VENUE"

4. In response to Paragraph 4 of the Complaint, Turbine admits that this is an action in which Plaintiff is alleging patent infringement, and that this action therefore arises "under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*"  In further response to Paragraph 4 of the Complaint, Turbine admits that this Court has subject matter jurisdiction over Plaintiff's claims of patent infringement in this action under 28 U.S.C. §§ 1331 and 1338(a).  Turbine denies that it has engaged in any act of patent infringement.

5. Turbine does not dispute that venue is proper in this district, but notes that this district may not be the most convenient and appropriate forum for this dispute.

6. Turbine does not dispute that this Court has personal jurisdiction over it, and admits that it is incorporated in Delaware.  Turbine denies that it has committed acts of infringement in this judicial district or elsewhere.  Turbine otherwise denies the allegations of Paragraph 6 of the Complaint.

## BACKGROUND

7. In response to Paragraph 7 of the Complaint, Turbine admits that the United States Patent and Trademark Office appears to have issued the '858 patent on May 15, 2012, and that a copy of what appears to be the '858 patent is attached as Exhibit A to the Complaint. Turbine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 7, and therefore denies such allegations.

8. Turbine lacks knowledge or information sufficient to form a belief as to whether the allegations contained in Paragraph 8 of the Complaint are true and therefore denies such allegations.

## **RESPONSE TO PLAINTIFF'S "CLAIM FOR RELIEF"**

9. Turbine incorporates by reference its responses to Paragraphs 1-8 of the Complaint.

10. In response to Paragraph 10 of the Complaint, Turbine admits only that it developed the online role-playing games *Dungeons & Dragons Online* and *The Lord of the Rings Online,* and that *Dungeons & Dragons Online* and *The Lord of the Rings Online* are playable from within this judicial district. Turbine denies that it developed these on-line role-playing games within the District of Delaware. To the extent the allegations of Paragraph 10 of the Complaint exceed the scope of the foregoing responses, Turbine lacks knowledge or information sufficient to form a belief as to the truth of these allegations, which are based on ambiguous and undefined language, and denies them on this basis.

11. In response to Paragraph 11 of the Complaint, Turbine admits only that it developed the online role-playing games *Dungeons & Dragons Online* and *The Lord of the Rings Online*. Turbine lacks knowledge or information sufficient to form a belief as to truth of the remaining allegations of Paragraph 11, and therefore denies such allegations.

12. Turbine lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, including because these allegations contain terms that have not been defined by Plaintiff or construed by the Court, and therefore denies such allegations.

13. Turbine lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, including because these allegations contain terms that have not been defined by Plaintiff or construed by the Court, and therefore denies such allegations.

14. Turbine lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, including because these allegations contain terms that have not been defined by Plaintiff or construed by the Court, and therefore denies such allegations.

15. In response to Paragraph 15 of the Complaint, Turbine denies that it is in violation of 35 U.S.C. § 271(a), denies is has infringed claim 1 or any other claim of the '858 patent at any time, denies that "continues to infringe the '858 patent," and denies that it will infringe the '858 patent in the future. Turbine lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 15, including because these allegations contain terms that have not been defined by Plaintiff or construed by the Court, and therefore denies such allegations.

16. Turbine denies the allegations of Paragraph 16 of the Complaint.

17. Plaintiff stipulated to withdraw its allegations of willful infringement after the Complaint was filed, and Turbine is thus not required to respond to Paragraph 17 of the Complaint. To the extent that a response is deemed to be required, Turbine denies each allegation of Paragraph 17 of the Complaint, and specifically denies that Turbine's alleged "postfiling acts … will be willful and deliberate."

18. In response to Paragraph 18 of the Complaint, Turbine thus denies that Plaintiff "has no adequate remedy at law" for any alleged infringement of the '858 patent. On information and belief, Plaintiff does not practice the '858 patent, such that monetary damages for any infringement of the '858 patent would suffice.

**RESPONSE TO PLAINTIFF'S "PRAYER FOR RELIEF"**

Turbine denies that Plaintiff is entitled to any relief in this action and asks the Court to deny any and all of the relief requested by Plaintiff in its Complaint.

**RESPONSE TO PLAINTIFF'S "JURY DEMAND"**

No response is required with respect to Plaintiff's jury demand.

**ADDITIONAL DEFENSES**

Turbine hereby asserts the following separate additional defenses to the claims and allegations contained in Plaintiff's Complaint, without admitting or acknowledging that Turbine bears the burden of proof as to any of them. Turbine reserves the right to seek leave to amend its Answer to plead additional defenses and counterclaims and/or to supplement its existing defenses if information developed through discovery, trial or otherwise merits such additional defenses, counterclaims, or supplementation.

**First Additional Defense**
**(Failure to State a Claim)**

1. Plaintiff's allegations of infringement of the '858 patent fail to state a claim upon which relief can be granted.

**Second Additional Defense**
**(Noninfringement)**

2. Turbine does not infringe and has not infringed any valid and enforceable claim of the '858 patent, either literally or under the doctrine of equivalents.

**Third Additional Defense**
**(Prosecution History Estoppel)**

3. By reasons of statements and claim amendments made by or on behalf of the applicants during the prosecution of the applications that led to the issuance of the '858 patent, Plaintiff may be estopped from asserting a scope for the asserted claims of the '858 patent that would cover Defendant's allegedly infringing systems and/or methods.

### Fourth Additional Defense
### (Invalidity)

4. The claims of the '858 patent are invalid under one or more sections of Title 35 of the U.S. Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Fifth Additional Defense
### (Limitation on Damages – 35 U.S.C. § 287)

5. On information and belief, Plaintiff's claims for relief and prayer for damages may be limited under 35 U.S.C. § 287.

### Sixth Additional Defense
### (Limitation on Recovery of Costs – 35 U.S.C. § 288)

6. To the extent that one or more asserted claims of the '858 patent are invalidated during this action, Plaintiff will be precluded from recovering its costs under 35 U.S.C. § 288 even if it is deemed the prevailing party because of Plaintiff's failure to disclaim invalid claims before filing this lawsuit.

### Seventh Additional Defense
### (No Entitlement To Injunctive Relief)

7. Plaintiff is not entitled to injunctive relief as it has, at a minimum, no irreparable injury and an adequate remedy at law for Turbine's alleged infringement of the '858 patent. Plaintiff will be unable to establish that (1) it has suffered any injury, let alone an irreparable injury; (2) remedies at law, such as monetary damages, would be inadequate to compensate for any injury; (3) considering the balance of hardships between Plaintiff and Turbine, a remedy in equity is warranted; and (4) the public interest would not be disserved by a permanent injunction.

### PRAYER FOR RELIEF

WHEREFORE, Defendant Turbine, Inc. respectfully demands judgment on Plaintiff's Complaint as follows:

A. That Plaintiff takes nothing and is denied any relief whatsoever;

B. That the Complaint be dismissed on the merits and with prejudice with respect to Turbine;

C. That the claims of the '858 patent be declared to be invalid and/or not infringed by Turbine;

D. That Turbine be awarded the costs incurred by it in connection with this action;

E. That this case be deemed exceptional pursuant to 35 U.S.C. § 285, such that Turbine be awarded its reasonable attorneys' fees; and

F. That Turbine be awarded such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Defendant Turbine, Inc. demands a trial by jury on all issues so triable.

ASHBY & GEDDES

*/s/ John G. Day*

John G. Day (I.D. #2403)
Tiffany Geyer Lydon (I.D. #3950)
Andrew C. Mayo (I.D. #5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE 19899
(302) 654-1888
jday@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Of Counsel:*

Vincent J. Belusko
Scott C. Moore
Jason J. Lee
MORRISON & FOERSTER LLP
555 West Fifth Street
Los Angeles, California 90013-1024
(213) 892-5200

*Attorneys for Defendant Turbine, Inc.*

Dated: April 2, 2013